# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                            **Case No. 08-CR-55**

**BRITT CAMPBELL**
        **Defendant.**

## SENTENCING MEMORANDUM

Recruited by two serial bank robbers to act as a getaway driver, defendant Britt Campbell pleaded guilty to aiding and abetting a violation of 18 U.S.C. §§ 2113(a) & (d). In sentencing defendant, I first calculated the sentence recommended by the advisory sentencing guidelines, then determined the actual sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

## I. GUIDELINES

The parties agreed that defendant's offense carried a base level of 20 under U.S.S.G. § 2B3.1(a), and that he should receive a 2 level increase because the property of a financial institution was taken, § 2B3.1(b)(1), and a 5 level increase because a firearm was brandished or possessed during the robbery, § 2B3.1(b)(2)(C). The parties further agreed that defendant qualified for a 2 level reduction based on his minor role in the offense, § 3B1.2(b), and a 3 reduction for acceptance of responsibility, § 3E1.1, producing a final level of 22. Because defendant had no prior criminal record, the PSR set his criminal history category at I, producing an imprisonment range of 41-51 months. I found these calculations correct and adopted them accordingly.

## II. SENTENCE

**A.   Section 3553(a) Factors**

In imposing the ultimate sentence, I considered all of the factors set forth in 18 U.S.C. § 3553(a), see United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008), including:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the advisory guideline range;

(5)   any pertinent policy statements issued by the Sentencing Commission;

(6)   the need to avoid unwarranted sentence disparities; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Section 3553(a) requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2). While I must "give respectful consideration to the Guidelines" in determining a sufficient sentence, Kimbrough v. United States, 128 S. Ct. 558, 570 (2007), I

2

may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, after accurately calculating the advisory range so that I "can derive whatever insight the guidelines have to offer," I must sentence "based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007); see also Gall v. United States, 128 S. Ct. 586, 602 (2007) (stating that the "Guidelines are only one of the factors to consider when imposing sentence").

**B.    Analysis**

   **1.    Nature of Offense and Character of Defendant**

Defendant acted as the getaway driver for Wesley Hoze and David Stribling when they robbed the TCF Bank on October 4, 2007. I previously sentenced Hoze and Stribling to 12 years' imprisonment each for the string of robberies they committed. In this instance, one of the two jumped over the counter and took the money, while the other brandished a handgun. Defendant waited in the car outside.

Police arrested Hoze and Stribling after another robbery on November 15, and they identified defendant as the driver for the October 4th crime. Defendant's involvement was limited to driving the getaway car, and that car was one Stribling had borrowed from his girlfriend. There was no indication that defendant was armed or that he otherwise contributed any materials or participated in the planning. There was also no indication of any other criminal dealings with Hoze or Stribling; rather, they recruited him this one time, apparently at the last minute when the driver they planned to use was unavailable.

Given defendant's character otherwise, this appeared to represent a serious lapse in

3

judgment, one at variance with his behavior otherwise. At age twenty-two, he had no prior criminal record, just a retail theft ordinance violation from 2004 when he was eighteen. That case involved theft of a pair of boxer shorts, and the municipal court entered judgment against him by default. He later paid the fine.

Defendant had no significant substance abuse problem, just some occasional use of marijuana in the past; all tests on pre-trial release were negative. He graduated high school, took some classes at MATC, and compiled a decent employment record, although mostly short-term jobs. To his credit, he had held the same job for about seven months prior to sentencing, which he seemed to enjoy. He also enjoyed strong family backing, and the gallery was full of supporters during his sentencing.

### 2. Guidelines and Purposes of Sentencing

The guidelines recommended 41-51 months in this case. While I agreed that some imprisonment was necessary given the seriousness of the crime and the danger it presented, I found the range greater than necessary in this case. First, although defendant benefitted from a 2 level minor role reduction, the guidelines still produced a sentence greater than necessary to provide just punishment given defendant's specific conduct. See 18 U.S.C. § 3553(a)(2)(A). As discussed above, defendant's only role was to act as the getaway driver; he did not enter the bank, participate in the planning of the robbery, or provide any materials for use in the robbery, including the car. The record also contained no indication that he stood to or in fact profited much from the crime.[1] Most importantly for purposes of considering the guidelines' recommendation, he did not provide or possess a firearm, yet was charged with the

---

[1] Defendant was apparently promised a few hundred dollars for his assistance, even though Stribling and Hoze acquired over $8000 in this robbery.

4

same 5 level enhancement as Stribling and Hoze under § 2B3.1(b)(2).

Second, the guideline range was greater than necessary to protect the public. See 18 U.S.C. § 3553(a)(2)(C). Defendant had no prior criminal record or, so far as the record showed, any violent tendencies. His involvement here was prompted by others, so I did not see this defendant as representing a substantial threat to others. I also considered his youth and immaturity – he was just twenty-one at the time of the robbery – which likely contributed to his snap decision to accompany Hoze and Stribling to the bank.

Third, I found the range greater than necessary to deter defendant from re-offending. See 18 U.S.C. § 3553(a)(2)(B). He had never been to jail before, for any period of time, and this process seemed to have had a real effect on him; his remorse appeared genuine. Further, his performance on pre-trial release had been good, and he seemed to be making an effort to better himself, working and abstaining from drug use. Given his educational achievements, ability to find work, and strong family support, he appeared to be someone who could succeed in the community.

## III.  CONCLUSION

Under all the circumstances, I found a sentence of 20 months sufficient but not greater than necessary. This sentence accounted for the positive factors discussed above while still providing sufficient punishment and general deterrence related to this serious crime. Because the sentence was supported by the specific facts and circumstances discussed herein, it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6); see also United States v. McGee, 479 F. Supp. 2d 910, 913 (E.D. Wis. 2007) (stating that "disparity between the sentences of two similarly situated defendants will, under the Booker advisory guideline regime, be unwarranted only if the judge fails to provide sufficient reasons for the difference, grounded

5

in the § 3553(a) factors").

Upon release, I ordered defendant to serve three years of supervised release, with conditions including regular restitution payments to the bank and monitoring of his financial dealings by the probation officer. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge